RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon T. Vanderhoof, | No. CV 09-2632-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Defendants. | |

Plaintiff Jon T. Vanderhoof, who is confined in the Arizona State Prison Complex-Lewis, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). The $350.00 civil action filing fee has been paid. Court will require Defendants to answer Plaintiff's Eighth Amendment claims and dismiss Plaintiff's Fourteenth Amendment claims.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not

1 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. Complaint

Named as Defendants in the Complaint are: (1) Charles Ryan, Director of the Arizona Department of Corrections (ADOC); (2) Ada Tutu, Doctor, Director of Inmate Health Services, ADOC Central Office; (3) Greeley, Facility Healthcare Administrator, Arizona State Prison Complex-Tucson (ASPC-Tucson); and (4) Kevin Lewis, Healthcare Provider, ASPC-Tucson. Plaintiff's sole ground in the Complaint is that his Eighth and Fourteenth Amendment rights have been violated. Plaintiff seeks a jury trial, declaratory and injunctive relief, and nominal, compensatory, and punitive monetary damages.

## III. Discussion

### A. Eighth Amendment claims

In Count I, Plaintiff claims that his Eighth Amendment rights were violated by Defendants Charles Ryan, Greeley, Kevin Lewis, and Adu Tutu when they were deliberately indifferent to Plaintiff's Hepatitis C (HCV) condition and his pain and suffering. Liberally construed, Plaintiff has stated a claim under the Eighth Amendment. Accordingly, the Court will call for an answer to Plaintiff's Eighth Amendment claims from Defendants Ryan,

Greeley, Lewis, and Tutu.

**B.     Fourteenth Amendment claims**

In Count I, Plaintiff further claims that his Fourteenth Amendment rights to equal protection were violated by Defendants Charles Ryan and Adu Tutu when they discriminated by affording general population inmates with serious medical conditions a greater level of care than protective segregation inmates, "resulting in unnecessary pain and suffering and physical injuries." Plaintiff alleges that Defendant Ryan initiated a policy that discriminates against Plaintiff and his fellow inmates who are classified as protective segregation inmates. Plaintiff further alleges that in November of 2009, Defendant Ryan "ordered that all inmates with serious medical conditions to be transferred to the ASPC-Tucson where Ryan would concentrate ADOC's medical personnel and resources in order to try and meet the inmates' needs." Plaintiff also alleges that as of December 4, 2009, all protective segregation inmates, including Plaintiff, had been transferred to ASPC-Lewis "where there are far fewer medical resources and where [Plaintiff] is still not receiving treatment for his HCV and his pain and suffering."

To state a claim for a violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with intent or purpose to discriminate against the plaintiff based upon membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For purposes of equal protection, inmates are not a suspect class. See Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998); McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir. 1991). Inmates are not entitled to identical treatment as other inmates merely because they are all inmates. See Norvell v. Illinois, 373 U.S. 420 (1963). A mere demonstration of inequality is not enough to establish a violation of the Equal Protection Clause.

When a suspect class is not implicated, the complainant must allege invidious discriminatory intent. McQueary, 924 F.2d at 834-35. However, conclusory allegations alone do not establish an equal protection violation without proof of invidious discriminatory intent. See Village of Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252, 265 (1977). In addition, when a suspect class is not implicated, the court must determine whether

1   the alleged discrimination is "patently arbitrary and bears no rational relationship to a legitimate governmental interest." Vermouth v. Corrothers, 827 F.2d 599, 602 (9th Cir. 1987) (internal quotations omitted).

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

Here, Plaintiff has failed to allege that he is a member of a suspect class, that Defendants' conduct was the result of purposeful or invidious discrimination, or that the conduct bore no rational relationship to a legitimate governmental interest. Plaintiff's conclusory allegation that Defendant Ryan's policy "discriminates" against Plaintiff and his fellow inmates in protective segregation is not enough to show invidious discriminatory intent. Moreover, Plaintiff had not alleged that the claimed discrimination bears no rational relationship to a legitimate governmental interest. Indeed, it is apparent that the ADOC has a legitimate governmental interest in housing protective segregation inmates in a different location than general population inmates for their own protection. Accordingly, Plaintiff's Fourteenth Amendment equal protection claims in Count I will be dismissed for failure to state a claim upon which relief may be granted.

**IV.    Warnings**

   **A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Fourteenth Amendment equal protections claims in Count I of the Complaint (Doc. #1) are **dismissed** for failure to state a claim upon which relief may be granted.

(2) Defendants Charles Ryan, Greeley, Kevin Lewis, and Adu Tutu **must answer** Plaintiff's Eighth Amendment claims in Count I of the Complaint (Doc. #1).

(3) The Clerk of Court **must send** Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Charles Ryan, Greeley, Kevin Lewis, and Adu Tutu.

(4) Plaintiff **must complete and return** the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(6) The United States Marshal **must retain** the Summons, a copy of the Complaint, and a copy of this Order for future use.

1  (7)  The United States Marshal **must notify** Defendants Charles Ryan, Greeley, Kevin Lewis, and Adu Tutu of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)  personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)  within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)  **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)  Defendants **must answer** the Complaint (Doc. #1) or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)  Any answer or response **must state** the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11)  This matter is **referred** to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

1 | under 28 U.S.C. § 636(b)(1).

2 | DATED this 9th day of March, 2010.

_____
David G. Campbell
United States District Judge